IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                                          Case No. 16-20096-JWL

Derrick D. Horne,

        Defendant.

**MEMORANDUM & ORDER**

In December 2017, defendant entered a plea of guilty to enticing an individual to travel in interstate commerce to engage in prostitution and felon in possession of a firearm. The judge assigned to this case at the time sentenced defendant to a 33-month term of imprisonment and a five-year term of supervised release.[1] On March 8, 2019, defendant began his term of supervised release. He has now served four years of his five-year term of supervision. This matter is now before the court on defendant's motion for early termination of his supervision (doc. 47). Both the government and the probation office oppose the motion. As will be explained, the motion is denied without prejudice to filing another motion if additional circumstances warrant a re-examination of the issue.

A district court has authority to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release," so long as it considers the factors in § 3553(a) and the release is in the "interest of justice." 18 U.S.C. §

---

[1] Defendant was sentenced to 33 months imprisonment on each count, to run concurrently with one another. He was sentenced to 5 years of supervised release on Count 1 and 3 years of supervised release on Count 2. Presently, defendant is only on supervision for Count 1.

3583(e)(1); *United States v. Begay*, 631 F.3d 1168, 1171–72 (10th Cir. 2011).  In support of his motion, defendant asserts that his reintegration into society is complete and further supervision is unnecessary.  Specifically, defendant highlights that he has established a stable residence; has maintained stable employment; has obtained his GED; is an active member of his church community; and plays an active role in the lives of his children.  He concedes, however, that he has had four violations of his conditions of supervision, all within the last two years and most recently on January 30, 2023, when he tested positive for marijuana.  In fact, his three most recent violations (April 2021; August 2022; January 2023) all involved positive marijuana tests.  Defendant downplays the significance of these violations by pointing to the recent nationwide trend of decriminalizing recreational marijuana use.

   The government opposes the motion, questioning whether defendant has demonstrated the ability to self-manage his behavior in light of his recent violations.  The probation office also opposes the motion in light of the fact that defendant has had two violations in the past 12 months.  It is significant to the court that the probation office opposes the termination of defendant's supervision because that office is the most familiar with his circumstances and conduct since his release and is in the best position to assess the need for continuing supervision.  Moreover, the court would be less concerned if defendant's violations had occurred early in his period of supervision.  The fact that they are occurring four years into a five-year term is far more concerning to the court.  For these reasons, the court believes that defendant will benefit from continued supervision and that early termination is not warranted in light of his recent violations of his conditions of supervised release.  Defendant may file another motion in the future if additional circumstances warrant a re-examination of the issue.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for early termination of supervised release (doc. 47) is **denied.**

**IT IS SO ORDERED.**

Dated this 24th day of March, 2023, at Kansas City, Kansas.

                                              s/John W. Lungstrum  
                                        HON. JOHN W. LUNGSTRUM  
                                        United States District Judge